FILED: APRIL 17, 2008
08CV2219                    EDA
JUDGE MANNING
MAGISTRATE JUDGE DENLOW

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> EDWARD E. GILLEN CO. AS OWNER PRO ) <br> HAC VICE OF THE M/V P-T II, HER ) <br> ENGINES, TACKLE, APPURTENANCES, ) <br> FURNITURE, ETC., PRAYING FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) <br> ) <br> Plaintiff. | Case No.: _____ <br><br> Judge: _____ <br><br> Magistrate Judge: _____ <br><br> In Admiralty |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiff, Edward E. Gillen Co. (hereinafter "Gillen") as owner *pro hac vice* of the M/V P-T II, her engines, tackle, furniture, appurtenances, etc. (the "Vessel"), as and for its Complaint For Exoneration From or Limitation of Liability, alleges as follows:

1. This is an admiralty and maritime claim. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1333, the Limitation of Liability Act, 46 U.S.C. § 181, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue is proper pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff Gillen is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. At the time of the alleged incident giving rise to this Complaint, Gillen was operating the subject Vessel as owner pro hac vice under an oral bare boat charter agreement with the Vessel's owner, Case Foundation Company.

3. The Vessel, M/V P-T II, Official Number 502036, is a crew boat, 40.1 feet in length, 13.8 feet in breadth and 6.2 feet in depth. The Vessel is documented pursuant to the laws of the United States of America.

4. At the time of the occurrence giving rise to this Complaint, September 16, 2005, the Vessel was titled to the Case Foundation Company ("Case"), whose principal place of business is 1325 West Lake Street, Roselle, IL 60172.

5. At the time of the occurrence giving rise to this Complaint, Gillen was operating the Vessel under an oral bareboat charter from Case, under which it provided a master, crew and all necessaries for the operation of the Vessel and exercised complete control of the operation and navigation of the Vessel. Gillen, therefore, claims exoneration from or limitation of liability as the owner *pro hac vice* of Vessel.

6. Subsequently, on or about November 15, 2007, the Vessel was sold by Case to J. Willis Smith & Brother, Inc., 6211 Pennington Avenue, Baltimore, Maryland and, on information and belief, the Vessel is currently located in Baltimore, Maryland.

7. The Vessel was sold for $38,000.00 and payment was made by J. Willis Smith & Brother, Inc. to Case at Case's principal place of business in Roselle, Illinois, which is located in the Northern District of Illinois.

8. On September 16, 2005, Edward Grenier was employed by Case as a crane operator and involved in the construction of the Oak Creek Power Plant located in Oak Creek, Wisconsin, south of Milwaukee. Mr. Grenier resides at 7835 Highway 10, Whitelaw, Wisconsin 53247.

9. On September 16, 2005, Grenier was a passenger on the Vessel, being transported to a floating work platform located in shallow waters off of Oak Creek.

10. Over two years later, on October 18, 2007, Gillen received a written Notice of Claim from attorneys representing Grenier, asserting that Grenier had been seriously injured on September 16, 2005 during his transport on the crew boat as a result of rough seas; that he had already incurred more than $100,000 in medical expenses, and that Gillen was responsible for such injuries and damages.

11. Upon information and belief, Grenier has received worker's compensation payments from Case and/or its worker's compensation liability carrier, resulting in potential claims against Gillen from both Grenier and either Case or its worker's compensation carrier.

12. Upon information and belief, claims in excess of the value of the Vessel and any pending freight may be filed as a result of the occurrence of September 16, 2005.

13. Any injury which was sustained by Grenier and resulting loss or damage resulting there from, was not caused or contributed to by any fault, negligence, design or lack of due care on the part of Gillen, its agents, servants, employees, or anyone for whom Gillen is or may be responsible or by any unseaworthiness of the Vessel within the privity of or knowledge of Gillen, its directors, owners, shareholders or managers.

14. The Vessel was, at all material times, tight, staunch, strong, sufficiently and competently manned, supplied, equipped and furnished and in all respects was seaworthy for the services in which she was engaged.

15. Gillen believes, and therefore alleges, that the value of the Vessel on September 16, 2005, immediately after the alleged incident did not exceed $75,000.00 and was probably as little as $38,000.00, the sale price of the Vessel in an arm's length transaction. This belief is

based upon a valuation survey performed by marine surveyor George E. Leithner of the marine surveying firm, Hunt, Leithner & Co., Inc. and the actual sales price of the vessel as alleged above. A copy of that valuation survey performed, on November 14, 2007, is attached to the Affidavit of George E. Leithner which is submitted with this Complaint as Exhibit A.

16.　On September 16, 2005, there was no pending freight owing to the Vessel.

17.　Gillen anticipates and believes that claims will be brought against it in amounts exceeding the total sum for which it may be responsible or may be required to pay under the applicable statutes governing exoneration from and/or limitation of liability.

18.　Gillen deposits herewith the sum of TWO HUNDRED AND FIFTY DOLLARS AND NO/100 ($250.00) into the registry of this Honorable Court as security for costs pursuant to local rule L.R.Supp. E1(a).

19.　Gillen has filed contemporaneously herewith an Ad Interim Stipulation or Surety Bond in the amount of $75,000.00 plus interest at the rate of six percent (6%) per annum from the date said Ad Interim Stipulation or Surety Bond is filed and, in addition thereto, is prepared to give additional security as provided by the laws of the United States and the Federal Rules of Civil Procedure.

20.　Gillen claims exoneration from and/or limitation of liability, for any and all loss, damage, debt, injury or destruction resulting from the incident hereinbefore described, and for any and all claims therefore or relating thereto and further prays that should it be held liable to any party which liability is denied, it should be limited to and not exceed the value of the Vessel and any pending freight.

21.　Gillen alleges that it has a valid defense to all such claims on the facts and under the law and, as owner *pro hac vice* of the Vessel at the time of the alleged incident, without

admitting, but affirmatively denying all liability, claims the benefit of exoneration from or limitation of liability provided for in 46 U.S.C. § 181, *et seq.* and various statutes and Rules supplemental thereto.

22. To Gillen's knowledge, no actions or proceedings have been instituted or are presently pending against Gillen or the subject Vessel on demands and claims arising out of the voyage on September 16, 2005 during which Grenier claims he was injured.

23. The only known demand or claim made against Gillen or the subject Vessel, arising out of the subject voyage of September 16, 2005, is the notice received from attorneys for Grenier.

24. Gillen expects or believes that other claims may be presented and that other actions or proceedings may be commenced against it by persons or entities alleging to have sustained losses, damages or injuries arising out of the September 16, 2005 voyage.

25. There are no demands, unsatisfied liens or claims of liens against Gillen or the subject Vessel, in contract or in tort or otherwise, arising out of the subject September 16, 2005 voyage, and no actions or proceedings pending, so far as is known to Gillen.

26. Gillen requests the right provided by 46 U.S.C. § 181 *et seq.*, to have all claims and issues concerning the incident in question determined in a single proceeding before this District Court, sitting in Admiralty, and prays for all equitable relief, including an Order enjoining the prosecution of any claims outside the concursus proceeding prayed for in this Complaint. Gillen also prays for all general and equitable relief as the justice of the cause may require and this Honorable Court may be competent to grant.

**WHEREFORE**, Plaintiff, Edward E. Gillen Co., requests the following relief:

1. That upon the deposit into the Registry of the Court hereinabove described, this Court shall issue a notice to all persons, firms, or corporations asserting any claims for any and all alleged losses, damages or injuries with respect to which Gillen seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Gillen a copy thereof on or before the date specified in the Notice; and that if any claimant desires to contest either the right to exoneration from and/or the right to limitation of liability, he shall file and serve on attorneys for Gillen an Answer to the Complaint on or before the date specified in the Notice issued by this Court;

2. That upon the filing of a bond or ad interim stipulation as hereinbefore described, and filed with the Court as security, the Court shall issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Gillen, its employees, its liability insurers or any of its property, whether *in personam*, by attachment or *in rem*, for any losses, damages and/or injuries allegedly arising out of the occurrence of September 16, 2005, or allegedly occurring during the subject voyage described in this Complaint;

3. That this Court enter an Order accepting and approving the bond or ad interim stipulation filed by Gillen in the amount of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, as adequate security for the amount or value of the Vessel and her pending freight at the time of the alleged incident;

4. That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel or her pending freight, as alleged herein in the amount of the valuation survey of George Leithner, the bond or ad interim stipulation as aforesaid, this Court shall cause due appraisement to be made of the value of said Vessel, following which event this Court shall enter an Order for an amended bond or ad interim stipulation or other appropriate security for the aggregate value as so determined of the Vessel and her pending freight;

5. That this Court enter an Order accepting and approving the Deposit for Costs filed by Gillen herein in the amount of TWO HUNDRED AND FIFTY ($250.00) DOLLARS cash pursuant to local admiralty rule L.R. Supp. E1(a).

6. That this Court adjudge that neither Gillen nor the Vessel are liable to any extent whatsoever for any alleged losses, damages or injuries or for any claims therefore, in any way allegedly arising from or in consequence of the subject voyage, or in consequence of or in connection with the matters and occurrences referred to in this Complaint;

7. Or, in the alternative, if this Court should adjudge that Gillen is liable for any amounts whatsoever, that said liability be limited to the value of the Vessel together with its pending freight and that Gillen be discharged there from under surrender of such interest and that the money surrendered, paid or secured to be

paid may be divided pro rata among such claimants; and that a judgment be entered discharging Gillen and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Gillen, its employees, its liability insurers or any other property, in any way arising from or in consequence of the subject voyage, or in consequence of or in connection with the matters and occurrences referred to in this Complaint;

8. That this Honorable Court determine that Gillen has fully and completely satisfied any responsibility it may owe for the payment of damages; and

9. That Plaintiff has such other and further relief as they may be entitled to receive under applicable law or equity.

Dated: April 17, 2008

Respectfully submitted,

/s/ Dennis Minichello
Dennis Minichello (03122059)
Shari L. Friedman (06193095)
MARWEDEL, MINICHELLO & REEB, P.C.
10 South Riverside Plaza
Suite 720
Chicago, IL 60606
Phone: (312) 902-1600
Facsimile: (312) 902-9900
Email: dminichello@mmr-law.com
sfriedman@mmr-law.com

*Attorneys for Plaintiff Edward E. Gillen Co.*

**Of Counsel:**

David W. Neeb
Wisconsin State Bar No. 1011188
James E. Culhane
Wisconsin State Bar No. 1014260
Davis & Kuelthau, s.c.
111 East Kilbourn, Ste. 1400
Milwaukee, WI 53202
Phone: (414) 2760-0200
Fax: (414) 9369
Email: dneeb@dkattorneys.com
jculhane@dkattorneys.com

08CV2219   EDA
JUDGE MANNING
MAGISTRATE JUDGE DENLOW

## AFFIDAVIT OF GEORGE LEITHNER

## AFFIDAVIT OF VALUE

STATE OF ILLINOIS
COUNTY OF LAKE

BEFORE ME, the undersigned authority, personally came and appeared and attested:

### GEORGE LEITHNER

1. That he is the president of Hunt, Leithner & Co., Inc., an Illinois corporation organized and existing pursuant to the laws of the state of Illinois.

2. That Hunt, Leithner & Co., Inc. has as its sole business, the surveying and appraising of marine vessels.

3. That as President of Hunt, Leithner & Co., Inc., he was present and conducted the survey and appraisal of the M/V "P-T II" vessel, a true and correct copy of which is attached as Survey No. 2-21792.

4. That on the 14th day of November, 2007, he did survey the above stated vessel and determined the value of the vessel to be estimated at SEVENTY-FIVE THOUSAND AND NO/100 ($75,000) DOLLARS.

_____
GEORGE LEITHNER

SWORN TO AND SUBSCRIBED
Before me this 15th of April, 2008.

_____
NOTARY PUBLIC

Notary Name (please print) Bradley Schubert
Notary or Bar Number _____

OFFICIAL SEAL
BRADLEY P. SCHUBERT
Notary Public - State of Illinois
My Commission Expires Sep 7, 2010

EXHIBIT
A

**HUNT, LEITHNER & CO., INC.**
P.O. BOX 1125
DEERFIELD, ILLINOIS 60015-8802
Tel: 847-940-0645 • Fax: 847-940-0673
Cell: 847-302-4502
Email: gelsurvey@aol.com

MARINE SURVEYORS            CARGO • HULL • MACHINERY            MARINE CONSULTANTS

*Report of Survey*                                                Survey No. 2-21792

## J. WILLIS SMITH & BROTHER, INC.                    SURVEY No. 2-21792

### M/V "P-T II"
### APPRAISAL SURVEY

Acting at the request of J. Willis Smith & Brother, Inc., Baltimore, MD, the undersigned did on the 14th day November, 2007 attend survey on board the subject vessel found afloat, port side to dock, at Edward E. Gillen Co., Jones Island, Milwaukee, WI. for the purpose of ascertaining the general condition and fair market value of the subject vessel.

### ATTENDING SURVEY

| | |
|---|---|
| Mr. J. Koss | Edward E. Gillen Co. |
| | Milwaukee, WI |
| G.E. Leithner | Hunt, Leithner & Co., Inc. |
| | Deerfield, IL |

### DESCRIPTION

The M/V "P-T II" is a twin screw diesel powered, 450 h.p. crew boat of welded aluminum construction with a model bow, transom stern and superstructure forward with raised pilothouse followed by passenger seating accommodation for 21 passengers.

### J. WILLIS SMITH & BROTHER, INC.                     SURVEY No. 2-21792

#### PRINCIPAL DIMENSIONS AND DATA

| | |
|---|---|
| Registered Length: | 40.1" |
| Registered Breadth: | 13.8' |
| Registered Depth: | 6.2' |
| Gross Registered Tons: | 22.0 |
| Net Registered Tons: | 16.0 |
| Official Number: | 502036 |
| Date Built: | 1966 |
| Built By: | Breaux's Bay Craft Loreauville, LA |
| USCG Certificate of Inspection issued at Chicago, IL | 21 July, 2005 |
| Expiration date: | 21 July, 2010 |

The hull is divided into 4 water tight compartments by 3 transverse water tight bulkheads to form a forepeak, area below accommodations, engine room and rudder compartment.

#### PRINCIPAL MACHINERY AND EQUIPMENT

#### PILOTHOUSE:

Furuno model 1830 radar.
Ritchie magnetic compass.
Uniden model MC535 VHF radio.
Garmin GPS.
Two (2) search lights on overhead with pilothouse control.
Windshield wiper on center opening windshield and port forward windshield.
Two (2) single trumpet horns on pilothouse overhead.
Remote start/stop main engine controls.
Port and starboard main engine operating instrument panels.
Morse dual lever controls for each main engine.
Wheel manual steering.
Pilot chair.
Bench seat.
Single transverse bunk at aft end of pilothouse.
Light distribution panel.

**J. WILLIS SMITH & BROTHER, INC.**                          SURVEY No. 2-21792

First Aid kit.
Three (3) B-1 dry chemical portable fire extinguishers all with current certification.
Pilothouse forward starboard side window crazed.

## PASSENGER ACCOMMODATIONS:

Four (4) bench seats and two (2) tables on port side.
Three (3) bench seats and one (1) table on starboard side.
Life preserver stowage below bench seats – total 24 approved life jackets.
Two portable $CO_2$ fire extinguishers with current certification.
Stowage locker starboard side aft.
Port and starboard sides of passenger area are wood paneled.
Port side paneling generally lightly buckled and warped.
Open deck area aft of deckhouse extending over the engine and rudder
   compartment fitted with double course aluminum pipe hand rail all around.
Two (2) starboard side windows crazed.

## ENGINE ROOM:

Main Engines:

>    Two (2) Detroit Diesel model 6-71, 6 cylinder diesel engines
>       each rated at 225 shp @ 2300 rpm.
>    Engines water cooled and battery start.

Reverse/Reduction
Gears:             Two (2) Twin Disc model MG509 with 2:1 ratio.

Auxiliary Systems:  Engine gear driven sea water pumps for wet exhaust.
                    Rectangular fuel tank mounted on centerline in rudder
                       compartment at forward bulkhead.
                    Bilge pump belt driven off starboard engine with manual
                       control for use as fire/wash down pump.
                    Four (4) compartment bilge manifold.
                    Two (2) spare three (3) blade bronze propellers.

Lifesaving:         24 approved life preservers.
                    12 man life raft with water light.
                    1 life ring with water light.
                    E.P.I.R.B.
                    First Aid kit.

3

APR/09/2008/WED 09:43 AM    GILLEN COMPANY            FAX No. 4147693135        P. 004
Apr 09 2008 8:29AM    HUNT LEITHNERCO                 8474597171
                                                                                p.4

**J. WILLIS SMITH & BROTHER, INC.**                    **SURVEY No.2-21792**

Fire Fighting Equipment:
    Two (2) portable $CO_2$ fire extinguishers.
    Three (3) portable dry chemical fire extinguishers (all
      fire extinguishers with 2007 certification).
    Fire pump.

## CONCLUSION

Examination of the subject vessel, insofar as possible, while lying afloat and without operation of the main engines or any of the auxiliary systems, disclosed the vessel to generally reflect good maintenance. The engine room bilge was found to contain approximately 6" water/oil, with approximately 3" water in passenger accommodation bilge area and 2"-3" water in rudder compartment bilge. All compartments require pumping. Water accumulation appears to be from normal condensation, possible minor engine room deck hatch leaking and lack of normal pumping.

Tire fenders ranged on port and starboard sides appear in satisfactory condition. Scattered small indents on side plating considered normal. External coating general good condition.

## VALUE:

In the opinion of the undersigned, the fair market value of the subject vessel approximates $75,000.

Submitted without prejudice to the rights and liabilities of all interested persons.

                                            G.E. Leithner