BOND # 929436447

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT OF )
EDWARD E. GILLEN CO. AS OWNER PRO )
HAC VICE OF THE M/V P-T II, HER )
ENGINES, TACKLE, APPURTENANCES, )
FURNITURE, ETC., PRAYING FOR )
EXONERATION FROM OR LIMITATION )
OF LIABILITY )
)
                                                Plaintiff.

FILED: APRIL 17, 2008
08CV2219                EDA
JUDGE MANNING
~~MAGISTRATE JUDGE DENLOW~~

Case No.: _____

Judge: _____

Magistrate Judge: _____

In Admiralty

## AD INTERIM STIPULATION FOR VALUE – BOND

WHEREAS, Edward E. Gillen Co. ("Gillen"), as owner *pro hac vice* of the M/V P-T II (the "Vessel") has instituted a proceeding in this Court for limitation of and exoneration from any liability as such owner, in respect to all claims, losses and other damages, including all claims arising from any claimed injury of Edward Grenier, which arise or are alleged to arise from an occurrence on September 16, 2005 on Lake Michigan near Oak Creek, Wisconsin, as more fully set forth in the Complaint filed herein. Gillen prays, among other things, that the Court will cause due appraisement to be made to the value of the Vessel and her pending freight, if any, and that pending such due appraisement, Gillen be allowed to file an Ad Interim Stipulation for Value – Bond and that a notice may issue to all persons claiming damages for loss, damage, injury or destruction by or resulting from the occurrence described in the Complaint, citing them to file their respective claims with the Clerk of this Court and serve on or mail to the attorneys for Gillen a copy thereof, and to answer the Complaint and that an injunction issue restraining the commencement and/or prosecution of any and all actions, suits or

BOND # 929436447

other legal proceedings except under and in pursuance of the summons or notice granted herein; and

WHEREAS, Gillen wishes to prevent the commencement of or prosecution hereafter of any and all actions, suits or legal proceedings of any nature or description whatsoever in any and all courts, and also wishes to provide an Ad Interim Stipulation for Value – Bond as security for claimants, pending the ascertainment of the value of the Vessel and her pending freight, if any.

NOW, THEREFORE, in consideration of the premises, Gillen, a corporation incorporated under the laws of the State of Wisconsin, having offices and a place of business in Milwaukee, Wisconsin, and Western Surety Company, as Surety, hereby undertake jointly and severally, in the sum of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), together with interest at six percent (6%) per annum; that Gillen will abide by the further order of the Court and will pay into the Court whenever the Court shall so order, the appraised value of the Vessel, together with the appraised value of Gillen's interest in pending freight, if any, with six percent (6%) per annum interest, and costs from the date hereof, or will file in these proceedings a bond with the approved Surety in the usual form and said amount, with interest at a rate of six percent (6%) per annum, and costs, from the date hereof or otherwise comply with the Court's orders as provided for by Supplemental Rule F for Certain Admiralty and Maritime Claims; and that pending the payment of the amount of the value of the Vessel and its pending freight, if any, or the giving of a stipulation for value thereof, this Stipulation shall stand as security for all claims in said proceeding.

Said Surety, through its attorney-in-fact, hereby submits itself to the jurisdiction of this Court and agrees to abide by all orders of this Court, interlocutory and final, and to pay the amount awarded by the final decree of this Court, or by an appellate court, should an appeal

2

BOND # 929436447

intervene, with intent and cash, but not in excess of the aggregate sum of SEVENTY-FIVE

THOUSAND AND 00/100 DOLLARS ($75,000.00) plus interest at six percent (6%) per annum

from the date of this Ad Interim Stipulation for Value – Bond.

Done and executed as of the date set forth below.

Dated: 4-17-08

EDWARD E. GILLEN CO.

By: _____

Its Authorized Agent and Attorney-In-Fact

Dated: April 17, 2008

WESTERN SURETY COMPANY

By: _____

Darlene T. Chanove, Attorney-In-Fact

Prepared by:

Dennis Minichello
Shari L. Friedman
MARWEDEL, MINICHELLO & REEB, P.C.
10 South Riverside Plaza, Suite 720
Chicago, IL 60606
Phone: (312) 902-1600

# Western Surety Company

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

**Know All Men By These Presents,** That WESTERN SURETY COMPANY, a South Dakota corporation, is a duly organized and existing corporation having its principal office in the City of Sioux Falls, and State of South Dakota, and that it does by virtue of the signature and seal herein affixed hereby make, constitute and appoint

### Robert E. Hilburn; Richard L. Dixon; Darlene T. Chanove; Charmaine E. Lanoix; Barbara A. LeBoeuf, Individually

of New Orleans, LA, its true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on its behalf bonds, undertakings and other obligatory instruments of similar nature

### - In Unlimited Amounts -

and to bind it thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of the corporation and all the acts of said Attorney, pursuant to the authority hereby given, are hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law printed on the reverse hereof, duly adopted, as indicated, by the shareholders of the corporation.

**In Witness Whereof,** WESTERN SURETY COMPANY has caused these presents to be signed by its Senior Vice President and its corporate seal to be hereto affixed on this 24th day of October, 2006



WESTERN SURETY COMPANY



Paul T. Bruflat, Senior Vice President

State of South Dakota
County of Minnehaha } ss

On this 24th day of October, 2006, before me personally came Paul T. Bruflat, to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Sioux Falls, State of South Dakota; that he is the Senior Vice President of WESTERN SURETY COMPANY described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed pursuant to authority given by the Board of Directors of said corporation and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporation.

My commission expires

November 30, 2012



D. KRELL
NOTARY PUBLIC
SEAL   SOUTH DAKOTA   SEAL

D. Krell, Notary Public

### CERTIFICATE

I, L. Nelson, Assistant Secretary of WESTERN SURETY COMPANY do hereby certify that the Power of Attorney hereinabove set forth is still in force, and further certify that the By-Law of the corporation printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said corporation this 17th day of April, 2008.

WESTERN SURETY COMPANY

L. Nelson, Assistant Secretary

Form F4280-09-06

**Authorizing By-Law**

## ADOPTED BY THE SHAREHOLDERS OF WESTERN SURETY COMPANY

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the shareholders of the Company.

Section 7.  All bonds, policies, undertakings, Powers of Attorney, or other obligations of the corporation shall be executed in the corporate name of the Company by the President, Secretary, and Assistant Secretary, Treasurer, or any Vice President, or by such other officers as the Board of Directors may authorize.  The President, any Vice President, Secretary, any Assistant Secretary, or the Treasurer may appoint Attorneys in Fact or agents who shall have authority to issue bonds, policies, or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or other obligations of the corporation.  The signature of any such officer and the corporate seal may be printed by facsimile.