FILED: APRIL 17, 2008
08CV2219                EDA
JUDGE MANNING
MAGISTRATE JUDGE DENLOW

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> EDWARD E. GILLEN CO. AS OWNER PRO ) <br> HAC VICE OF THE M/V P-T II, HER ) <br> ENGINES, TACKLE, APPURTENANCES, ) <br> FURNITURE, ETC., PRAYING FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) <br> ) <br> Plaintiff. | Case No.: _____ <br><br> Judge: _____ <br><br> Magistrate Judge: _____ <br><br> In Admiralty |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR INJUNCTIVE RELIEF AND ENTRY OF ORDERS TO PROCEED
WITH COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**Background of Limitation of Liability Act**

A vessel owner's right to limit its liability is governed by the Limitation of Vessel Owner's Liability Act of 1851 ("Limitation Act"), 46 U.S.C. App. Sec. 181-189 (2000). The Limitation Act permits a vessel owner to limit its liability following a maritime accident to the value of the owner's interest in the vessel(s) involved in the accident and pending freight, provided that the accident occurred without the privity or knowledge of the owner. 46 U.S.C. App. Sec. 183(a).

The Limitation Act and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule F") specify the procedures for limitation proceedings. A limitation proceeding is initiated by the vessel owner filing a complaint within six (6) months of its receipt of a claim in writing:

> The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the

>benefit of the claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefore, and in addition such sums, or approved security therefore, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or b) at his option, shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or Limit approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title.  Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

46 U.S.C. App. Sec. 185; Supplemental Rule F(1).  Plaintiff, EGAN MARINE CORPORATION, filed its Complaint for Exoneration from or Limitation of Liability on July 14, 2005, within six (6) months of the date of the subject occurrence and within six (6) months of its receipt of a claim in writing.

Once the vessel owner has complied with the requirements of Section 185 of the Limitation Act (and Supplemental Rule F(1)), the Court "shall" enjoin all claims and proceedings against the vessel owner and its property relating to the subject accident. See Supplemental Rule F(3).  Notice also must be published and given to all known claimants, to advise them of the pending limitation action and to instruct them to file their claims in the limitation proceedings.  See Supplemental Rule F(4).  Plaintiff's present Motion seeks to have this Court enter the injunctive relief provided for by the Limitation Act and Supplemental Rule F, and enter the orders required by the Act in order to effectuate this proceeding.

The entry of the injunctive and other relief requested by Plaintiff Edward E. Gillen Co. herein, shall be ordered by the court regardless of whether liability actually lies.

## Request for Entry of Order Approving Security

The Act requires that the vessel owner seeking exoneration from or limitation of its liability give security equivalent to the value of its interest in the subject vessel(s) (the vessel(s)

2

involved in the maritime incident) and her freight at the end of her last voyage, after the collision or casualty. 46 U.S.C. App. Sec. 185; Supplemental Admiralty and Maritime Claims Rule F(1). See also *Luhr Brothers, Inc. v. Gagnard,* 765 F. Supp. 1264, 1268 (W.D. La. 1991); *Complaint of Caribbean Sea Transport, Ltd*., 748 F.2d 622, 626, 1985 AMC 1995 (11th Cir. 1984) amended in part 753 F.2d 948 (11th Cir. 1985). The term "freight", as used in the Act, refers to compensation received for carriage of goods; not the actual goods. 748 F.2d at 626. A vessel that has been destroyed has no value for purposes of determining the amount of the limitation fund or security to be posted. *Id*. See also *Petition of Wood*, 124 F. Supp. 540, 541 (S.D. NY 1954)(vessel that disappeared at sea with its crew had no value for limitation fund purposes).

Plaintiff has provided the Court with, and requests that the Court accept, security in the amount of $75,000.00, plus interest at the rate of six percent (6%) per annum (See Supplemental Rule F(1)), in the form of a surety bond issued by CNA Surety Corporation. The amount of security tendered is based on the affidavit of George Leithner, a surveyor and consultant with Hunt, Leithner & Co. Inc. of Deerfield, Illinois. Mr. Leithner inspected the vessel involved in the incident. See Affidavit of George Leithner, with attached survey report, previously filed with this Court. The Affidavit and Survey of Mr. Leithner further indicates that the value of the M/V P-T II on November 14, 2007, was $75,000.00. Thus, security tendered in the sum of $75,000.00 plus interest at the rate of six percent (6%) per annum complies with the requirements of 46 U.S.C. App. Sec. 185 and Supplemental Rule F(1).

As safeguard for potential claimants, however, in general, a court's ex-parte determination of security is not a final determination that the security is appropriate; any claimant may, at any time, challenge the adequacy of the security. *Luhr Brothers, Inc*., 765 F. Supp. 1264, 1269 (W.D. La. 1991). Further, the Limitation of Liability Act itself permits a court

"from time to time [to] fix as necessary [the limitation fund] to carry out the provisions of section 183." *In re Kristie Leigh Enterprises, Inc.*,168 F.3d 206, 209, 1999 AMC 1366 (5th Cir. 1999); 46 U.S.C. App. Sec. 185.

Thus, having tendered adequate security as required by the Limitation Act and Supplemental Rule F, Plaintiff submits that the Order Approving Security should be entered.

### Request for Entry of Order for Injunction and Notice

Once a vessel owner has timely filed its limitation complaint and posted security, the Court "shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Rule F(3). See also *Churchill v. F/V FJORD*, 5 F.3d 374, 376, 1994 AMC 867 (9th Cir. 1993)("once a vessel owner files a limitation bond, the owner is entitled to an injunction enjoining any other actions involving claims being litigated in the limitation action")(Citations omitted); *Hartford Accident & Indemnity Co. v. Southern Pac. Co.*, 273 U.S. 207, 218, 47 S. Ct. 357 (1927).   Having timely filed its Complaint and having posted security, Plaintiff is entitled to the entry of injunctive relief and its Order for Injunction and Notice.

The order, previously filed with the Court, requests the following relief:

1.       That a notice issue under the seal of this Court against all persons or entities asserting claims in respect to which the Plaintiff seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the Plaintiffs a copy thereof on or before a date to be specified by the Court, which date Plaintiff suggests be the 2nd day of June, 2008, and requiring any claimant who desires to contest either the right to exoneration from or the right to limitation of liability, to file and serve an Answer to the Complaint, unless the Answer is included in the claim;

2.      That the notice be published in the *Chicago Daily Law Bulletin* and *The Milwaukee Journal Sentinel*, newspapers of general circulation in this jurisdiction and in Milwaukee, once a week for four (4) consecutive and successive weeks prior to the date fixed for the filing of claims.  Supplemental Rule F(4).  Plaintiff agrees that not later than the day of the second publication, it shall mail a copy of the notice to every person or other entity known to have made any claim arising against the M/V P-T II, or the Plaintiff arising out of the voyage on which the claims sought to be limited arose. *Id.*;

3.      That each and every person or other entity claiming any losses, injuries, deaths, expenses or damages by or in consequence of the matters and things set forth in the Complaint be and they hereby are enjoined, in accordance with the demand in the Complaint, from the further prosecution of any such claim, or from instituting or prosecuting any action in any Court, or taking any legal proceedings whatsoever in any proceeding other than this one. Supplemental Rule F(3); and

4.      That service of this Order as an injunction be made within and outside of this District by mail, to all persons, corporations or other entities to be enjoined, or their attorneys, of whom Plaintiff has knowledge have filed or given notice of claims.

The Notice provision "ensures that all claimants, not just a favored few, will come in on an equal footing to obtain a *pro rata* share of their damages." *In re Central R.R. Co.*, 469 F.2d 857, 861, 1973 AMC 222, 227 (3d Cir. 1972).  In accordance with the Limitation Act and Supplemental Rule F, Plaintiff requests that an injunction issue with notice, as set forth herein and below.

### Request for Entry of Notice of Complaint
### for Exoneration from or Limitation of Liability

Publication and mailing of notice of the commencement of a limitation action is an integral part of such an action. It is the means by which all claimants are brought before the Court and liability and claims are adjudicated. See e.g., *Hartford Accident & Indemnity Co. v. Southern Pac. Co.*, 273 U.S. 207, 216, 47 S. Ct. 357 (1927). As required by the Limitation Act, Plaintiff seeks to give notice to all known claimants, and to publish notice to all persons who may have claims against the Plaintiff or its vessels as a result of the accident for which exoneration from or limitation of liability is sought. Supplemental Rule F(4). The form of the Notice has been filed with the Court. Plaintiff suggests that the date by which claimants must answer the complaint and/or file their as claims with this Court shall be June 2, 2008. The Notice issued by this Court shall be published as set forth hereinabove in the form issued by this Court. Until such notice issues, either by mail or publication, these limitation proceedings cannot move forward.

Accordingly, Plaintiff requests that this Court enter and issue the Notice of Complaint previously filed with this Court.

### Conclusion

Pursuant to the provisions of the Limitation Act, 46 U.S.C. App. Sec. 183 et al., and Supplemental Admiralty and Maritime Claims Rule F, Plaintiff, Edward E. Gillen Co., respectfully requests that this Court grant it the injunctive relief to which it is entitled, and further, enter the following Order and Notice as requested herein without delay in order that Plaintiff may proceed with its limitation action:

6

    A.    Order Approving Limitation Plaintiff Edward E. Gillen Co.'s Affidavit of Value, Directing Issuance of Notice and Injunction Prosecution of Claims; and

    B.    Notice to Claimants of Complaint for Exoneration From or Limitation of Liability.

Dated: April 17, 2008

Respectfully submitted,

s/Dennis Minichello
Dennis Minichello
State Bar No. 3122059
Shari L. Friedman
State Bar No. 6193095
MARWEDEL, MINICHELLO & REEB, P.C.
10 South Riverside Plaza
Suite 720
Chicago, IL 60606
Phone: (312) 902-1600
Facsimile: (312) 902-9900
Email: dminichello@mmr-law.com
sfriedman@mmr-law.com

Attorneys for Edward E. Gillen Co.

**Of Counsel:**

David W. Neeb
Wisconsin State Bar No. 1011188
James E. Culhane
Wisconsin State Bar No. 1014260
Davis & Kuelthau, s.c.
111 East Kilbourn, Ste. 1400
Milwaukee, WI 53202
Phone: (414) 2760-0200
Fax: (414) 9369
Email: dneeb@dkattorneys.com
        jculhane@dkattorneys.com