HHW

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> EDWARD E. GILLEN CO. AS OWNER PRO ) <br> HAC VICE OF THE M/V P-T II, HER ) <br> ENGINES, TACKLE, APPURTENANCES, ) <br> FURNITURE, ETC., PRAYING FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) <br> ) <br> Plaintiff. | Case No.: 08 CV 2219 <br><br> Judge: Blanche M. Manning <br><br> Magistrate Judge: Morton Denlow <br><br> In Admiralty |

### ORDER APPROVING LIMITATION PLAINTIFF EDWARD E. GILLEN CO.'S AFFIDAVIT OF VALUE, DIRECTING ISSUANCE OF NOTICE AND INJUNCTION PROSECUTION OF CLAIMS

A Complaint having been filed on the 17th day of April, 2008 by Edward E. Gillen Co. ("Limitation Plaintiff") of the M/V P-T II (the "Vessel") for exoneration from or limitation of liability pursuant to 46 U.S.C. Sec. 30501 *et seq.* (formerly, 46 U.S.C. § 181, *et seq.*) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for any loss, damage or injury occurring on or about September 16, 2005 in an incident in which an injury is alleged to have occurred on Lake Michigan, as more fully described in the Complaint;

Limitation Plaintiff having stated that the value of the Vessel and its pending freight following the incident does not exceed $75,000.00, as set forth in the Limitation Plaintiff's Complaint and Affidavit of Surveyor George Leithner and attached Valuation Survey; and the Limitation Plaintiff having deposited with the Court as security for the benefit of claimants, a bond or ad interim stipulation issued or signed by recognized surety and dated April 17, 2008, in an amount equal to the appraised value of the Vessel, with interest at Six Percent (6%) per annum from this date, executed by a duly authorized representative of said surety;

Now, on motion of attorneys for the Limitation Plaintiff, Marwedel, Minichello & Reeb, P.C., it is:

ORDERED AS FOLLOWS:

1. The above-described bond or ad interim stipulation deposited by the Limitation Plaintiff with the Court for the benefit of Claimants, in the sum of $75,000.00 with interest as aforesaid, security for the value of the Vessel and its pending freight, be and is hereby approved.

2. The Court upon motion, shall cause the appraisement of such value and may there upon order the said security increased or reduced if it finds the amount thereof insufficient or excessive; that upon demand, the Court may similarly order such increase or against any reduction if it finds that such an order is necessary to carry out the provisions of the act, including 46 U.S.C. Secs. 30505, 30506 and 30507, (formerly, 46 U.S.C. § 183), in respect of loss of life or bodily injury;

3. Notice shall be issued by the Clerk of Court to all persons asserting claims with respect to which the Limitation Plaintiff seeks exoneration, and alternatively limitation, admonishing them to file their respective claims with the Clerk of Court in writing, and to serve on the attorneys for the Limitation Plaintiff a copy thereof on or before the 28th day of July, 2008, or be defaulted, and that if any claimant decides to contest the right to exoneration from or limitation of liability, said claimant shall serve and file on attorneys for the Limitation Plaintiff and Answer to the Complaint on or before the said date, unless such claim was included in an Answer to the Complaint, said designated or be defaulted;

4. The aforesaid Notice shall be published in the *Chicago Daily Law Bulletin* and *The Milwaukee Journal Sentinel* once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims, as provided by the aforesaid Rule F; and copies of the Notice shall also be mailed in accordance with said Rule F;

5. The further prosecution of any and all actions, suits and proceedings already commenced, and the commencement or prosecution of any and all suits, actions, or proceedings of any nature in description whatsoever in any jurisdiction, the taking of any steps and the making of any motion and any such actions, suits, or proceedings against the Limitation Plaintiff, as aforesaid, against the Vessel, her officers and crew or their insurers, against any property of the Limitation Plaintiff, or against the Limitation Plaintiff's employees, to recover damages for or in respect of any loss, damage or injury, occasioned or incurred on said voyage of the said Vessel as alleged in the Complaint, be and they are hereby restrained, stayed and enjoined until the hearing and determination of this action;

6. Service of this Order as a restraining order may be made through the United States Post Office by mailing a conformed copy thereof to the person or persons to be restrained or their respective attorneys or alternatively by hand.

Done and entered this 29th day of May, 2008 at Chicago, Illinois.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

Prepared By:

Marwedel, Minichello & Reeb, P.C.
10 S. Riverside Plaza, Suite 720
Chicago, Illinois 60606