UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> EDWARD E. GILLEN CO. AS OWNER PRO ) <br> HAC VICE OF THE M/V P-T II, HER ) <br> ENGINES, TACKLE, APPURTENANCES, ) <br> FURNITURE, ETC., PRAYING FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY, ) <br> ) <br> Plaintiff. ) | Case No. 08 CV 2219 <br><br> Judge Blanche M. Manning <br><br> Magistrate Judge Morton Denlow <br><br> In Admiralty |

## ANSWER TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Now comes claimant Edward Grenier, by his undersigned counsel, and for his Answer to the Complaint For Exoneration From Or Limitation Of Liability states as follows:

1. Claimant admits the allegations of Paragraph 1.

2. Claimant admits the allegations of Paragraph 2.

3. Claimant admits the allegations of Paragraph 3.

4. Claimant admits the allegations of Paragraph 4.

5. Claimant admits the allegations in the first sentence of Paragraph 5, further admits that Gillen has standing to seek exoneration and limitation of liability under the applicable statutes and rules, but denies that Gillen or any other entity is entitled to either exoneration from or limitation of liability in this matter.

6. Claimant admits the allegations of Paragraph 6.

7. Claimant admits the allegations of Paragraph 7 but denies that a sale over two years after the incident is relevant to a determination of the value of the vessel on the date of the incident for which limitation and exoneration are sought.

8. Claimant admits the allegations of Paragraph 8.

9. Claimant admits that claimant Grenier was on board the vessel as described in Paragraph 9 and denies all other allegations in Paragraph 9.

10. Claimant admits the allegations of Paragraph 10.

11. Claimant admits that he has received some benefits from his employer and his employer's workers compensation insurance carrier and that such payments may create causes of action against Gillen.

12. Claimant admits that the value of his claim exceeds $75,000.00 but denies that $75,000.00 accurately represents the value of the vessel immediately after the incident in question.

13. Claimant denies each and every allegation of paragraph 13.

14. Claimant denies each and every allegation of paragraph 14.

15. Claimant admits that the vessel was sold over two years after the incident under suit, admits that George Leithner conducted a survey of the vessel and denies all other allegations of paragraph 15, further denies that a survey two years after the incident is relevant, and further denies that the sale price of the vessel two years after the incident is relevant. Claimant further denies that the value of the vessel immediately after the incident was $75,000.00.

16. Claimant is without sufficient information to admit or deny the allegation regarding pending freight and therefore denies the same pending discovery.

17. Claimant is without any information to determine either Gillen's anticipation or belief concerning potential claims but admits that the value of

18. Claimant admits that Gillen has filed security for costs.

19. Claimant admits that Gillen has filed an Ad Interim Stipulation and Bond but is without

any information concerning what Gillen is prepared to do and therefore denies the remainder of Paragraph 17.

20. Claimant admits that Gillen seeks exoneration from or, alternatively, limitation of liability but denies that Gillen is entitled to either exoneration from or limitation of liability.

21. Claimant admits the existence of the cited statutes but denies the remaining allegations of Paragraph 21 and specifically denies that Gillen has "valid defenses," that Gillen is entitled to exoneration from liability, and that Gillen is entitled to limitation of liability.

22. Claimant admits the allegations of Paragraph 22.

23. Claimant admits the allegations of Paragraph 23.

24. Claimant is without any information to admit or deny the allegations of Paragraph 24 and therefore denies said Paragraph.

25. Claimant is without sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies said Paragraph.

26. Claimant acknowledges the existence of the cited statute, acknowledges that under the circumstances of this case a concursus may be appropriate, acknowledges that this Court has entered an order enjoining the prosecution of claims, and denies that Gillen is entitled to any additional equitable, legal or other relief.

WHEREFORE, Claimant Edward Grenier denies that Gillen is entitled to any of the relief prayed for in Paragraphs 1 through 9, inclusive, of the Prayer For Relief and specifically denies that Gillen is entitled to exoneration from or limitation of liability. Claimant further denies that Gillen has properly valued the vessel and requests that the Court conduct a valuation hearing pursuant to Supplemental Admiralty rule F(7). Claimant further affirmatively alleges that Gillen was negligent, that Gillen's negligence was a proximate cause of the claimant's

injuries and damages, that Gillen had privity or knowledge of the aforesaid negligence, that the M/V P-T II was unseaworthy and that such unseaworthiness was a proximate cause of claimant's injuries and damages, and that Gillen had privity or knowledge of the aforesaid unseaworthiness, all as further described in Claimant's Claim filed contemporaneously herewith.

THE LAKIN LAW FIRM P.C.

BY: /s/ Jonathan Piper
Jonathan Piper #6196071
Roy C. Dripps #06182013
Attorneys for Claimant Grenier
300 Evans Avenue
P O Box 229
Wood River IL 62095-0229
618/254-1127

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded to the following by e-mail as follows: Dennis Minichello and Shari L. Friedman dminichello@mmr-law.com and sfriedman@mmr-law.com and David W. Neeb and James Culhane dneeb@dkattorneys.com and jculhane@dkattorneys.com on the 28th day of July, 2008.

/s/ Jonathan Piper

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> EDWARD E. GILLEN CO., AS OWNER PRO ) <br> HAC VICE OF THE M/V P-T II, HER ) <br> ENGINES, TACKLE, APPURTENANCES, ) <br> FURNITURE, ETC., PRAYING FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY, ) <br> ) <br> Plaintiff, ) | Case No. 08 CV 2219 <br><br> Judge Blanche M. Manning <br><br> Magistrate Judge Morton Denlow <br><br> In Admiralty |

### CLAIM OF DAMAGES FOR INJURY

Roy C. Dripps, being duly sworn, states as follows:

1. I am one of the counsel of record for claimant herein, Edward Grenier.

2. Edward Grenier is entitled to maintain an action against petitioner Edward E. Gillen Co. and the M/V P-T II to recover damages for injuries sustained on board the M/V P-T II, and hereby claims an amount in excess of the value of $75,000.00, the amount alleged in petitioner's stipulation for value of its interest in the vessels, after allowing for all proper deductions, set-offs or other payments.

_____
Roy C. Dripps

Subscribed and sworn to before me, a Notary Public, this 28th day of July, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL B. LACOAX
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES JAN 31, 2011