**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT** ) | |
| **OF EDWARD E. GILLEN CO. AS** ) | |
| **OWNER PRO HAC VICE OF THE** ) | **Case No.:**    **08 CV 2219** |
| **M/V P-T II, HER ENGINES, TACKLE,** ) | |
| **APPURTENANCES, FURNITURE, ETC.,** ) | **Judge:**      **Manning** |
| **PRAYING FOR EXONERATION FROM** ) | |
| **OR LIMITATION OF LIABILITY,** ) | |
| ) | |
| **Plaintiff.** ) | |

## EDWARD E. GILLEN CO.'S MOTION TO TRANSFER VENUE

Plaintiff, Edward E. Gillen Co. ("Gillen"), by and through its attorneys Dennis

Minichello and Stephanie Espinoza of Marwedel, Minichello & Reeb, P.C., and for its Motion to

Transfer Venue, states as follows:

## INTRODUCTION

Gillen seeks transfer of this matter to the U.S. District Court for the Eastern District of

Wisconsin. The accident which gives rise to this cause of action occurred in the Eastern District

of Wisconsin, Gillen and the claimant reside in that district, and all pertinent witnesses and

relevant evidence can be found in that district. Therefore, good cause is present to transfer this

matter to the U.S. District Court for the Eastern District of Wisconsin.

## STATEMENT OF FACTS

This lawsuit arises out of an accident which occurred on board the M/V P-T II ("the

Vessel") on September 16, 2005. On that date, the Vessel was a crew boat titled to the Case

Foundation Company ("Case"), whose principal place of business is 1325 West Lake Street,

Roselle, Illinois. Complaint for Exoneration from or Limitation of Liability ("Complaint"), ¶ 4

(Docket No. 1); Answer to Complaint for Exoneration from or Limitation of Liability

("Answer"), ¶ 4 (Docket No. 30).  On that date, the Vessel was being operated by Gillen under an oral bareboat charter from Case, under which Case provided a master, crew and all necessaries for the operation of the vessel and exercised complete control of the operation and navigation of the vessel. Complaint, ¶ 5; Answer, ¶ 5.

On September 16, 2005, claimant, Edward Grenier ("Grenier" or "Claimant"), was employed by Case as a crane operator and involved in the construction of the Oak Creek Power Plant located in Oak Creek, Wisconsin, south of Milwaukee. Complaint, ¶ 6; Answer, ¶ 6. Grenier resides at 7835 Highway 10, Whitelaw, Wisconsin. Complaint, ¶ 8; Answer, ¶ 8.  On that date, Grenier was on board the Vessel. Complaint, ¶ 9; Answer, ¶ 9.  On October 18, 2007, Gillen received written notice from attorneys representing Grenier, asserting that Grenier had been seriously injured on September 16, 2005 during his transport on the Vessel as a result of rough seas, and that he had incurred over $100,000 in medical expenses. Complaint, ¶ 10; Answer, ¶ 10.

On or about November 15, 2007, the M/V P-T II was sold by Case to J. Willis Smith & Brother, Inc., 6211 Pennington Avenue, Baltimore, Maryland. Complaint, ¶ 6; Answer, ¶ 6.  The Vessel was sold for $38,000 and payment was made by J. Willis Smith & Brother, Inc. to Case at Case's principal place of business in Roselle, Illinois. Complaint, ¶ 7; Answer, ¶ 7.

## ARGUMENT

Gillen has filed a cause of action for limitation of liability pursuant to Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure.  Rule F contains the following provision with respect to venue:

> Venue; Transfer. The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such

> claim. When the vessel has not been attached or arrested to answer the matters
> aforesaid, and suit has not been commenced against the owner, the proceedings
> may be had in the district in which the vessel may be, but if the vessel is not
> within any district and no suit has been commenced in any district, then the
> complaint may be filed in any district. For the convenience of parties and
> witnesses, in the interest of justice, the court may transfer the action to any
> district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of
> justice, transfer the action to any district in which it could have been brought. If
> the vessel shall have been sold, the proceeds shall represent the vessel for the
> purposes of these rules.

Supplemental Admiralty and Maritime Claims Rule F(9). This provision requires that where a

vessel has been sold, the location of the proceeds shall represent the vessel. Thus, Gillen filed

suit in this district because the proceeds of the sale of the M/V P-T II were found here.

Complaint, ¶¶ 6-7; Answer, ¶¶ 6-7.

However, under this provision, a party is also entitled to transfer of venue "for the

convenience of parties and witnesses" and "in the interest of justice." *Id*. The standards for

applying this provision comport with the standards set forth in the general venue statute, 28

U.S.C. § 1404(a). *Complaint of American President Lines, Ltd.*, 890 F.Supp. 308, 314 (S.D.N.Y.

1995). The factors to be considered in determining whether a case should be transferred include:

> (1) the convenience of the parties; (2) the convenience of material witnesses; (3)
> the availability of process to compel the presence of witnesses; (4) the cost of
> obtaining the presence of witnesses; (5) the relative ease of access to sources of
> proof; (6) calendar congestion; (7) where the events in issue took place; and (8)
> the interests of justice in general.

*In re Complaint of Norfolk Dredging Co.*, 240 F.Supp.2d 532, 535 (E.D.Va. 2002) *citing In re*

*TLC Marine Serv.,* 900 F.Supp. 54, 56 (E.D.Tex. 1995).

In applying the foregoing factors to the case at bar, it is apparent that the Eastern District

of Wisconsin is a more appropriate venue for this matter than the Northern District of Illinois.

First, both parties are located in the Eastern District of Wisconsin. Gillen is a Wisconsin

corporation with its principal place of business located in Milwaukee. Complaint, ¶ 2; Answer, ¶

2.  Likewise, Grenier resides in Whitelaw, Wisconsin, a community located 85 miles north of Milwaukee and falling within the bounds of the Eastern District of Wisconsin. *See* www.villageofwhitelaw.org.  Therefore, the convenience of both parties would be well-served by transferring this matter to U.S. District Court located in Milwaukee.

Likewise, the convenience of any material witnesses will be better served if suit is transferred to Milwaukee.  Gillen anticipates that a number of its employees may be called as material witnesses, as they may have been working on board the Vessel on the day of the incident. Affidavit of Kathleen Hagen ("Hagen Affidavit"), attached hereto as Exhibit A, ¶ 3. Gillen's employees live in proximity to Gillen's location in Milwaukee, and travel to the Eastern District of Wisconsin for discovery or trial purposes would be much more convenient for these employees than traveling to the Northern District of Illinois. *Id.* at ¶ 4.  Gillen also expects to call George Leithner, the marine surveyor who conducted a survey of the vessel for valuation purposes, as a material witness.  However, as an expert witness, Mr. Leithner's convenience is not relevant to this analysis.  The convenience of expert witnesses is irrelevant in determining whether to transfer venue, "since it may be presumed that witnesses who are paid to testify will appear at trial irrespective of the location of the forum." *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F.Supp. 1279, 1286 (D.C.Ill. 1980).

In addition, should this matter proceed to discovery, Gillen would likely seek to obtain evidence and information relating to the nature and extent of Grenier's injuries.  Presumably, Grenier has been treated at or near his home and those medical treaters would likely be found within the Eastern District of Wisconsin.  As all material witnesses likely reside in the Eastern District of Wisconsin, the transfer of this case to that district would minimize cost and ease the burden of compelling such witnesses to appear for purposes of discovery and trial.

Transferring this matter to the Eastern District of Wisconsin will further allow for ease of access to sources of proof, as Gillen's place of business is found within this district. As such, all potentially relevant documents or other items of evidence will presumably be located here. Hagen Affidavit, ¶ 6. In addition, any medical records or documents relating to Grenier's injuries would likely be located within the Eastern District of Wisconsin, as that is where he received his care.

Finally, as previously stated, all of the events leading up to the occurrence which resulted in this action occurred within the Eastern District of Wisconsin. The only connection to the Northern District of Illinois is the fact that the previous owner, Case, is located in this district. Pursuant to Supplemental Rule F, Gillen was required to bring suit here, because the proceeds of the sale of the vessel were located here. Supplemental Rule F(9)("If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules."). However, this Court has discretion in transferring this matter to a court which has a greater interest in the circumstances which gave rise to the cause of action. *See e.g. Complaint of Norfolk Dredging Co.*, 240 F.Supp.2d at 537 (finding that district in which collision occurred had specific interest in overseeing resolution of matter). The Eastern District of Wisconsin undoubtedly has a greater interest in having this matter adjudicated within its courts, as both parties are located there and the incident occurred there. Therefore, this matter should be transferred to the Eastern District of Wisconsin.

## **CONCLUSION**

For all of the foregoing reasons, Gillen's motion to transfer to the Eastern District of Wisconsin should be granted. All relevant witnesses and evidence are located in that district, and all events leading up to this action occurred there.

Respectfully Submitted,

EDWARD E. GILLEN CO. AS OWNER PRO
HAC VICE OF THE M/V P-T II, HER ENGINES,
TACKLE, APPURTENANCES, FURNITURE,
ETC.


By:_____/s/Dennis Minichello_____
                One of its Attorneys

Dennis Minichello
Stephanie Espinoza
Marwedel, Minichello & Reeb, P.C.
10 South Riverside Plaza, Suite 720
Chicago, IL  60606
(312) 902-1600
Attorney No.: 35367

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie Espinoza, an attorney, certify that on this <u>18th</u> day of <u>August</u>, 2008, I electronically filed Edward E. Gillen Co.'s Motion to Transfer Venue with the Clerk of the Northern District of Illinois via its CM/ECF system, which will send a notice of electronic filing to the following counsel:

- **Shari L. Friedman**
sfriedman@mmr-law.com,jturner@mmr-law.com
- **Jonathan B. Piper**
jonp@lakinlaw.com,crystald@lakinlaw.com,paulas@lakinlaw.com


/s/ Dennis Minichello
Dennis Minichello

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT )
OF EDWARD E. GILLEN CO. AS )
OWNER PRO HAC VICE OF THE ) Case No.:    08 CV 2219
M/V P-T II, HER ENGINES, TACKLE, )
APPURTENANCES, FURNITURE, ETC., ) Judge:    Manning
PRAYING FOR EXONERATION FROM )
OR LIMITATION OF LIABILITY, )
 )
Plaintiff. )

## AFFIDAVIT OF KATHLEEN HAGEN

Kathleen Hagen, being first duly sworn on oath, deposes and states as follows:

1.    I am employed in payroll for Edward E. Gillen Co.

2.    I have held this position since February of 1994.

3.    The following employees of Edward E. Gillen Co. were working aboard or in the vicinity of the M/V P-T II on September 16, 2005, and may have knowledge of the events that gave rise to Mr. Grenier's claim: Bradford Chaney, Scott Haines, Charles Jorgensen, John Jorgensen, Charles Pittsley, Robert Vogel, Dennis White, Roger Tietz, Dan Zirbel, Tom Miller, and Randy Konop.

4.    All of the employees of Edward E. Gillen Co. that may have knowledge regarding the incident giving rise to this limitation action live in close proximity to the city of Milwaukee.

5.    Edward E. Gillen Co.'s primary business location is in Milwaukee, Wisconsin, and its records and files as well as all supervisory personnel are maintained at this location.

6.    I declare under penalty of perjury that the foregoing is true and correct.

7.    Further affiant sayeth naught.

Signed: _K. M. Hagen_

Executed On: _8-18-08_

EXHIBIT "A"