UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) | Case No. 08 CV 2219 |
| EDWARD E GILLEN CO. AS OWNER PRO ) | |
| HAC VICE OF THE M/V P-T II, HER ) | Judge Blanche M. Manning |
| ENGINES, TACKLE, APPURTENANCES, ) | |
| FURNITURE, ETC., PRAYING FOR ) | Magistrate Judge Morton Denlow |
| EXONERATION FROM OR LIMITATION ) | |
| OF LIABILITY, ) | In Admiralty |
| ) | |
| Plaintiff. ) | |

**OBJECTION TO AND MEMORANDUM SUPPORTING OBJECTION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

Now comes claimant Edward Grenier, by his undersigned counsel of record and files his Objection To And Memorandum Supporting Objection To Plaintiff's Motion To Transfer Venue.

Plaintiff's motion to transfer should be denied because a) transfer to the Eastern District of Wisconsin is forbidden by the language of the applicable Rule which requires that the transferee district be one in which this action "could have been brought" and the Eastern District of Wisconsin is not a permissible venue under Supplemental Admiralty and Maritime Claims Rule F(9); and *see* 28 U.S.C. §1404(a);  b) Plaintiff has a substantial presence in this judicial district including an office; c) Plaintiff's own valuation witness resides in and has his office in this District; d) claimant's employer and its employee-witnesses reside in this District and therefore Plaintiff has failed to sustain its burden of demonstrating that transfer should be ordered pursuant to Rule F(9), Supplemental Rules For Admiralty and Maritime Claims.  In addition, Plaintiff has violated the admonition on this Judge's website regarding obtaining leave of court before filing a motion to change venue and for this additional reason the motion should be denied.

1. **Legal Standard**

Plaintiff as the movant bears the burden of establishing the statutory factors in order to obtain a transfer of venue. *See* <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219 (7th Cir. 1986). "The burden is on defendant, when it is the moving party, to establish why there should be a change of forum." Wright, Miller & Cooper, section 3848, at n. 17.

2. **The Eastern District of Wisconsin Is Not A District In Which This Action Could Have Been Brought Within The Meaning of Rule F(9)**

Although the United States Supreme Court has held that a party who brings a lawsuit in federal court may nonetheless successfully move to transfer that suit to another district by moving for transfer under 28 U.S.C. 28 U.S.C. §1404(a) (*see Ferens v. John Deere Co*, 494 U.S. 516, 110 S.Ct. 1274 (1990)), there is no corresponding authority from the Supreme Court or the Seventh Circuit that interprets Supplemental Admiralty and Maritime Claims Rule F(9) to permit the plaintiff to seek a transfer of venue after choosing the forum in the first place. *But see In re Matter of TLC Marine Services, Inc.*, 900 F.Supp. 54 (E.D.Tex.1995)(permitting transfer without discussion of standing issue). Accordingly, claimant objects that Plaintiff does not have standing to move to transfer this action under Rule F(9).

Assuming that the *Ferens* case governs the disposition of that issue, Plaintiff still cannot obtain a transfer to the Eastern District of Wisconsin because that district is not a "district in which it could have been brought" as required by the Rule. *See* Supplemental Admiralty and Maritime Claims Rule F(9) (hereinafter "Rule F(9)); *see generally In re Mike's, Inc.,* 337 F.3d 909 (7th Cir.2003) and *In re Egan Marine Corp.*, No. 99 C 1152 (October 19, 1999), WL 1011241; *see also* 28 U.S.C. §1404(a). Plaintiff in this case has failed even to allege that this action might have properly been filed in the Eastern District of Wisconsin in the first instance. But Plaintiff's motion admits that the only permissible venue for this matter was in the Northern

District of Illinois. After invoking Rule F(9) as the applicable venue provision in this matter, Gillen alleges that the vessel has been sold and the proceeds were found in this district. Gillen has completely failed to allege in which district the vessel might be, although inferentially it appears that the vessel may be in Baltimore, Maryland. *See* Motion To Transfer at p. 2 ("On or about November 15, 2007, the M/V P-T II was sold by Case to J. Willis Smith & Brother, Inc., 6211 Pennington Avenue, Baltimore, Maryland.")[1] "Thus, Gillen filed suit in this district because the proceeds of the sale of the M/V P-T II were found here." Plaintiff's Motion To Transfer at p. 3. While Gillen may have felt constrained to file its suit in this District, the law did not permit it to be filed in the Eastern District of Wisconsin. Gillen does not allege that it in fact could have filed this case in that district.

This Court's decision in *Egan Marine*, *supra*, WL 1011241 accepted the interpretation of Rule F(9) that claimant asserts in the present case:

However, despite the court's view that the Northern District would be the more appropriate venue, the Rule swallows the perhaps appropriate finding.

The Rule plainly states that "in the interest of justice," the court may "transfer the action [only] to any district in which it could have been brought" initially. This limitations action could not have been brought in the Northern District on these facts. The Rule effectively provides that where the "vessel has not been attached or arrested," and suit has been filed against "the owner," venue is proper only in that district or geographic area where that lawsuit was filed. Here, that is the district wherein the Third Judicial Circuit Court is found, or the United States District Court for the Southern District of Illinois. *Egan Marine, supra.*

The Court read the Rule to mean that the "only" permissible transferee districts

---

[1] Even Gillen does not allege in this case that a transfer to the District of Maryland would be appropriate.

are those in which the case could properly have been filed initially. Thus, this Court has previously concluded that the venue provisions of Rule F(9) must be strictly followed. Because the Eastern District of Wisconsin was not a district in which this case "could have been brought" because it is not an authorized venue for this action, the Rule does not permit the Court to transfer this proceeding to that District.

### 3. Petitioner Has A Substantial Presence In The Northern District of Illinois And This District Is Therefore "Convenient For The Parties"

Plaintiff maintains a substantial presence in this district and this district is therefore "convenient for the parties" within the meaning of section 1404(a). Plaintiff maintains an office at 3166 S. River Road, Des Plaines IL, 60018 (Exhibit 1, Affidavit of Edward Grenier) and claimant respectfully requests that this Court take judicial notice that said office is within the Northern District of Illinois. This fact distinguishes at least one part of the decision in *In re Matter of TLC Marine Services, Inc.*, 900 F.Supp. 54, 56 (E.D.Tex.1995) ("However, plaintiff's choice of forum should be given little weight if, as in this case, the plaintiff does not reside in the district in which his suit is pending.") Thus, this Court may give substantial weight to the fact that Plaintiff instituted this action on its "home turf."

### 4. Defendant Has Failed To Identify Any Witnesses Who Would Be Inconvenienced By Litigation In This District

The Plaintiff must support its motion to transfer by specifying the testimony of prospective witnesses. Vague statements about convenience of unknown and unnamed witnesses are not sufficient to establish that convenience of witnesses and parties would be best served by transferring venue. Smith v. Colonial Penn Insurance Co., 943 F.Supp. 782 (S.S.Tex1996). The movant on a 1404(a) motion is required to specifically list evidence and witnesses on which it intends to rely in the transferee district and to state the topics of each witness' testimony. Pilates,

Inc. v. Pilates Institute, Inc., 891 F.Supp.175 (S.D.N.Y.1995); LaCroix v. American Horse Show Association, 853 F.Supp. 992 (N.D.Ohio1994). Plaintiff's motion completely fails to identify any witnesses or their testimony other than its own employees. But "employees of a party will as a practical matter generally be available in any venue by virtue of the employment relationship." *Hawley v. Accor North America, Inc.*, 552 F.Supp.2nd 256, 260 (D.Conn.2008) (denying §1404(a) motion to transfer venue), *quoting BRMS, LLC v. North Am. Flight Services,* 2006 WL 1313338, at *5 n. 3 (D.Conn.2006) (internal citations omitted by the court) (internal quotation marks omitted). Thus, the location of witnesses is generally relevant only with respect to third-party witnesses...." **Id.**

The motion to transfer alleges that claimant lives in Wisconsin. Again, claimant is not a "third-party" witness and so this fact should be given little weight by the Court. Counsel for claimant specifically represents that the Northern District of Illinois is not an inconvenient forum. In this circumstance, Plaintiff has failed to sustain its burden of establishing the statutory grounds for transfer and the motion should be denied.

Moreover, the pleadings to date have identified only one significant witness and that witness resides in this District. George Leithner is Plaintiff's marine surveyor and valuation expert. *See Affidavit of Value.* Mr. Leithner's business office is in Deer Creek, Illinois, within the Northern District of Illinois.

Finally, claimant's employer is Case Foundation Company of Roselle, Illinois, again within the Northern District of Illinois. Case and its employees are "third party witnesses" within the meaning of *Hawley, supra,* 552 F.Supp.2nd at 260. The affidavit of claimant establishes that records concerning claimant's employment would be in the possession of the employer as well as two witnesses who are employed out of the Roselle, Illinois office. Those

witnesses are Robert Isaacs and Craig Bishop. The affidavit specifies that Mr. Isaacs has knowledge of the details of claimant's job including transportation, which was the activity during which claimant was injured. (Grenier Affidavit, par. 4) Mr. Bishop has knowledge of claimant's work performance. **Id.** Thus, witnesses with knowledge of both liability and damage issues reside in this District.

Plaintiff's motion largely ignores the fact that it chose to institute suit in this District. Considering plaintiff's choice of forum and the presence of plaintiff's office in this district leads to the firm conclusion that plaintiff's motion should be denied because a transfer is not "in the interests of justice."[2]

### 5. The Motion To Change Venue Should Be Denied Because The Plaintiff Vessel Owner Failed To Obtain Leave Of Court As Required By This Court's Procedures Before Filing The Motion

This Court has specifically admonished counsel to obtain leave of court prior to filing a motion to transfer venue. The Court's website warns that "Parties will be required to obtain leave of court before filing: * * * (2) a motion to change venue * * *." **Id.** Counsel are cautioned that "In order to obtain leave of court, the parties must comply with the following procedures. Failure to do so will result in the denial of the motion for leave to file." **Id.** Counsel for plaintiff Gillen failed to comply with either requirement (b) or (c) in that counsel for plaintiff failed to send to counsel for claimant a letter citing the legal authorities and failed to request a meeting to discuss the legal basis for the motion and to exchange authorities.

---

[2] "Under either section [1404(a) or 1406(a)], the district court has broad discretion to grant or deny a motion to transfer the case. [citation] For "the interest of justice" is not a definite standard, departure from which an appellate court can readily discern and correct. [citations] Although we know from *Goldlawr* that the district court's discretion is not unlimited, we know from, that we can reverse its exercise of that discretion only for a "clear abuse of discretion," implying a very limited scope of appellate review." Cote v. Wadel
796 F.2d 981, 985 (7th Cir. 1986).

Accordingly, claimant Grenier respectfully requests that this Honorable Court a) deny the motion to transfer or b) strike the motion as improvidently filed.

## CONCLUSION

Because a transfer of this cause would not further justice or alleviate any inconvenience to identifiable witnesses, the motion to transfer should be denied.

Respectfully submitted,

THE LAKIN LAW FIRM, P.C.

BY: ___/s/ Jonathan Piper_____
    Jonathan Piper #6196071
    Roy C. Dripps #06182013
    Attorneys for Claimant Grenier
    300 Evans Avenue
    P O Box 229
    Wood River IL 62095-0229
    618/254-1127

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded to the following by e-mail as follows: Dennis Minichello and Shari L. Friedman dminichello@mmr-law.com and sfriedman@mmr-law.com and David W. Neeb and James Culhane dneeb@dkattorneys.com and jculhane@dkattorneys.com on the 26th day of August, 2008.

/s/ Jonathan Piper_____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD E. GILLEN CO. AS OWNER PRO HAC VICE OF THE M/V P-T II, HER ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Plaintiff. | Case No. 08 CV 2219<br><br>Judge Blanche M. Manning<br><br>Magistrate Judge Morton Denlow<br><br>In Admiralty |

### AFFIDAVIT OF CLAIMANT EDWARD GRENIER

Comes now Edward Grenier, claimant herein, and being first duly sworn on his oath deposes and states as follows:

1. I am an adult over the age of eighteen (18) years and I have personal knowledge of the matters set forth in this affidavit.

2. On September 16, 2005 I was employed by Case Foundation Company whose office and main place of business is in Roselle, Illinois.

3. I believe that the records concerning my employment on the job on which I was injured are located at the Case Foundation Company office in Roselle, Illinois. These include personnel records, drug testing records, and the accident report as well as records concerning my medical bills.

4. In addition to those records, at least two other potential witnesses are employed by Case Foundation Company out of the Roselle, Illinois office. Those two individuals are Robert Isaacs and Craig Bishop. Mr. Isaacs was my supervisor on this particular job and would have knowledge of the details of this job, including transportation. Mr. Bishop is an executive and has knowledge of my work performance.

EXHIBIT 1

5. I believe that petitioner Edward E. Gillen Co. has an office at 3166 S. River Road, Des Plaines IL, 60018.

FURTHER AFFIANT SAYETH NOT.

*Edward Grenier*
Edward Grenier

Subscribed and sworn to before me this 22nd day of August, 2008.

*Kim Cigler*
Notary Public

My Commission Expires:

July 12, 2009