UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ) <br> EDWARD E. GILLEN CO. AS OWNER PRO ) <br> HAC VICE OF THE M/V P-T II, HER ) <br> ENGINES, TACKLE, APPURTENANCES, ) <br> FURNITURE, ETC., PRAYING FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) <br> ) <br> Plaintiff. | Case No.: 08 CV 2219 <br><br> Judge: Blanche M. Manning <br><br> Magistrate Judge: Morton Denlow <br><br> In Admiralty |

### MOTION TO WITHDRAW EDWARD E. GILLEN CO.'S
### MOTION TO TRANSFER VENUE

Plaintiff, Edward E. Gillen Co., by its attorneys, Dennis Minichello, Shari L. Friedman and Stephanie Espinoza of Marwedel, Minichello & Reeb, for its Motion to Withdraw Edward E. Gillen Co.'s Motion to Transfer Venue, states as follows:

1. On August 19, 2008, Plaintiff filed its Motion to Transfer Venue. [Docket # 32]. The Motion was noticed to be heard by the Court on August 26, 2008. [Docket # 34]. On August 25, 2008, this Court entered Plaintiff's Motion and set a briefing schedule. {Docket # 36]. Pursuant to the Order, responses to the Motion were to be filed by September 16, 2008 and replies were to be filed by September 30, 2008. [Id.].

2. On August 26, 2008, claimant Edward Grenier filed his response in opposition to Plaintiff's Motion to Transfer Venue. [Docket # 35]. In his response, Claimant Grenier points out that Plaintiff failed to follow this Court's rule requiring that Plaintiff first provide a letter to the opposing party explaining the nature of the motion and citing legal authorities in support of the motion. The Court's rule further provides that the parties shall then meet to discuss the legal basis of the motion and exchange legal authorities. The Court's rule further provides that after

the meeting, if the movant still wishes to file a motion, it should then file its motion for leave to file its motion to transfer venue.

3. Plaintiff concedes that it inadvertently overlooked this Court's rule to exchange authority prior to appearing on a motion to change venue

4. On September 2, 2008, Shari Friedman, counsel for Plaintiff, faxed a letter to Jonathan Piper, counsel for claimant Grenier, asking whether counsel would maintain its objection to Plaintiff's failure to follow the Court's rule and require Plaintiff to withdraw its Motion or whether, in light of the fact that claimant Grenier had already filed a substantive response in opposition to the Motion, Plaintiff could now provide claimant's counsel with the required letter and the parties could have the required meeting before Plaintiff filed their reply.

5. Plaintiff's counsel has not received a response from claimant's counsel. Thus, Plaintiff files the instant Motion to Withdraw its previously filed Motion to Transfer Venue so it may then strictly adhere to this Court's rule regarding motions to change venue and prevent a denial of the Motion solely on a technicality. Plaintiff does not waive its right to re-file its Motion or any similar motion with the Court.

WHEREFORE, Plaintiff, Edward E. Gillen Co., respectfully requests that this Court grant its Motion and permit it to withdraw its Motion to Transfer Venue, without prejudice, for the sole purpose of adhering to this Court's rule governing such motions.

Dated: September 4, 2008         Respectfully submitted,

/s/Shari L. Friedman
Shari L. Friedman (6193095)
Dennis Minichello (3122059)
Stephanie Espinoza (6278778)
MARWEDEL, MINICHELLO & REEB, P.C.
10 South Riverside Plaza
Suite 720
Chicago, IL 60606

2

Phone: (312) 902-1600
Facsimile: (312) 902-9900
Email:
sfriedman@mmr-law.com
dminichello@mmr-law.com
sespinoza@mmr-law.com

Attorneys for Edward E. Gillen Co.

**Of Counsel:**

David W. Neeb
Wisconsin State Bar No. 1011188
James E. Culhane
Wisconsin State Bar No. 1014260
Davis & Kuelthau, s.c.
111 East Kilbourn, Ste. 1400
Milwaukee, WI 53202
Phone: (414) 2760-0200
Fax:    (414) 9369
Email: dneeb@dkattorneys.com
       jculhane@dkattorneys.com

3